**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| AUTOZONE, INC. and AUTOZONE PARTS, INC., ) ) ) | |
|     Plaintiffs, ) ) | |
| vs. ) ) | Case No. CIV-05-157-F |
| CATALOG.COM, INC., ALDRIN HARUTUNIAN, and NETPAQ, INC., ) ) ) ) | |
|     Defendants. ) | |

**ORDER ON APPLICATION FOR AWARD OF
ATTORNEYS' FEES AND RELATED DISBURSEMENTS**

Before the court is plaintiffs' Application for Award of Attorneys' Fees and Related Disbursements (doc. no. 49), filed on May 18, 2006. The application is filed against defendants Aldrin Harutunian and Netpaq. Inc. Judgment by default was entered against those two defendants on May 4, 2006. This action remains pending against the third defendant, Catalog.com, Inc. The present application does not involve Catalog.com, Inc.

Plaintiffs' application seeks an award of attorneys' fees and costs in the amount of $81,751.13 for obtaining a default judgment against Harutunian and Netpaq. The application is supported by a brief, to which the supporting affidavit of Alisa C. Key is attached.

Where involuntary fee-shifting is sought, the court first determines a lodestar amount by multiplying the hours reasonably spent on the litigation by a reasonable hourly rate. Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1257 (10th Cir. 2005). The

fee applicant should exercise billing judgment with respect to the number of hours worked and billed. *Id.* Billing judgment consists of winnowing hours actually expended down to hours reasonably expended. *Id.* Under federal fee-shifting statutes, fee awards come under close scrutiny. *Id.* Fee awards made under the authority of fee-shifting statutes are not intended to replicate the fees which an attorney could earn through a private fee arrangement with a client. *Id.*

Hourly rates in excess of the prevailing local hourly rates for similar services should not be applied in the absence of a clear showing that the matter could not reasonably have been handled by counsel from the locality. *Id.* at 1259. In evaluating the hourly rate sought, the court may use its own knowledge as to prevailing market rates. The Guides, Ltd. v. The Yarmouth Group Property Management, Inc., 295 F.3d 1065, 1079 (10th Cir. 2002).

The case law establishes numerous other subordinate principles to be applied by the court in fee-shifting situations, depending on the circumstances at hand. However, in the case at bar, it is not necessary to delve into the controlling legal principles any deeper than is set forth in the foregoing discussion.

The court applies the controlling principles to the application now before it as follows:

<u>Hourly rate</u>. Plaintiffs seek to recover fees on the basis of an hourly rate of $460 for Alan S. Cooper, a partner in the law firm which represents plaintiffs, and at the rate of $345 per hour for Ms. Key, an associate in the same firm. Other attorneys in the firm worked on the case at rates varying from $400 per hour down to $285 per hour. For this default judgment, plaintiffs seek to recover for 230.9 billed hours, for which a fee award is sought in the amount of $73,020.50 (exclusive of costs and disbursements, and exclusive of the fees of local counsel). *See* exhibit 1 to the affidavit of Alisa Key. Thus, the blended hourly rate sought for the 230.9 hours it

took the Washington law firm to get this default judgment is approximately $316. The court is well aware that the hourly rates sought in this application substantially exceed prevailing local rates. The papers before the court make no showing that the work performed by the Washington law firm, for which recompense is now sought, could not reasonably have been done by local attorneys at local rates. Indeed, the local bar of this court includes a number of highly competent intellectual property lawyers, including lawyers well-versed in trademark law. Because the application before the court makes no showing that the work for which a fee award is sought could not reasonably have been performed by local attorneys at local rates, the application fails on the first prong on the fee award formula.

<u>Hours reasonably expended</u>. As has been noted, plaintiffs seek to recover for 230.9 billed hours in obtaining the default judgment against Harutunian and Netpaq (not including 23.9 hours devoted to the matter by local counsel). Although plaintiffs' application acknowledges that the court must determine the award of attorney fees "by multiplying the reasonable hours spent on litigation by a reasonable hourly rate" (Application, at 3), the papers before the court contain no averment, much less a sworn statement, to the effect that the hours for which recompense is sought were reasonably devoted to the matter. This omission is not explained, but is perhaps not entirely surprising, viewing the matter in light of the fact that an award of nearly $82,000 for getting a default judgment would likely put this matter in the running for the most expensive default judgment entered in the history of this court.[1]

---

[1] The billing records attached to the affidavit contain numerous entries that at least suggest the possibility that the fee recovery sought here encompasses a considerable amount of essentially clerical work which is not compensable in a fee shifting situation. However, because the Application is bereft of any showing of reasonableness of the hours spent (clerical or otherwise), the court has no need to undertake any sorting of clerical work from compensable work.

-3-

To summarize, as to the first prong of the formula, plaintiffs' application *does* state that the hourly rates sought are reasonable but fails to demonstrate why those rates, which are substantially higher than local rates, should be applied here.[2] Finally, the application wholly fails to intimate, much less demonstrate, that the billed hours for which fee-shifting is now sought were reasonably devoted to the matter.

The application is **DENIED**.

Dated July 6, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0157p013 (pub) .wpd

---

[2] The Application does state that higher rates for specialists are warranted. Application, at 4. This, of course, is an issue entirely distinct from the question of whether there has been any showing that the services which are the subject of this application could have been rendered by local lawyers practicing in the relevant field of specialization.

-4-